IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------X

JACQUELINE COHEN, on behalf of herself
and the classes defined herein,

              Plaintiffs,

v.

CAVALRY SPV I, LLC; and
WOODS OVIATT GILMAN, LLP
              Defendants.

--------------------------------------------------X

CV 12 - 5323

**CLASS ACTION COMPLAINT**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 22 2012 ★
BROOKLYN OFFICE

DEARIE, J.

AZRACK, M.J.

Plaintiff, by her attorney The Law Offices of Shimshon Wexler, P.C., as and for her complaint against the defendants, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Cavalry SPV I, LLC ("Cavalry") and Woods Oviatt Gilman, LLP (" Woods Oviatt"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and New York State General Business Law §349 ("GBL 349") for deceptive practices.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f. The GBL §349 prohibits deceptive practices in business.

3. Cavalry allegedly purchased a debt owed by plaintiff from HSBC. HSBC had stopped adding interest to plaintiff's debt after she became delinquent. Unabashedly, Cavalry

instructed Woods Oviatt to file a lawsuit seeking interest at 24.99% per annum not only after Cavalry acquired plaintiff's account but also at 24.99% during the time period before Cavalry had purchased plaintiff's account. Cavalry cannot charge interest on an HSBC account when HSBC decided not to charge interest. Cavalry may only charge interest on plaintiff's account, if at all, only after it owns the account. In addition, Cavalry violated New York State law by filing the State Court complaint with an exhibit that contained the social security number of the plaintiff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

5. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' communications were received by plaintiff within this District;

   b. Defendants do business within this District.

## PARTIES

6. Plaintiff, Jacqueline Cohen ("Cohen"), is an individual who resides in Kings County, New York.

7. Defendant, Cavalry, is a Delaware foreign limited liability company with an address of "Office of the General Counsel" at "500 Summit Lake Dr." in Valhalla, NY 10595.

8. Defendant, Woods Oviatt, is a limited liability partnership with an address of "Woods Oviatt Gilman" "ATTN Managing Partner" at "700 Crossroads Bldg 2 State St." in Rochester, New York 14614.

9. Woods Oviatt is a law firm engaged in the business of collecting debts allegedly owed to others and is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

10. According to a search as of 10/18/2012 at http://iapps.courts.state.ny.us/webcivilLocal/LCSearch?param=A, Woods Oviatt was the attorney for plaintiff in 394 lawsuits in 2012. Upon information and belief, the vast majority of these lawsuits were brought to collect a consumer debt.

11. According to its website as of 10/18/2012, http://www.woodsoviattgilman.com/attorneys/45/Jaime_Michelle_Cain/, "Ms. Cain is a supervising attorney for the collection department with over 12 collection staff members to ensure compliance with federal consumer laws." Jaime Michelle Andrews signed the collection complaint on behalf of Cavalry against the plaintiff. Upon information and belief, Jaime Michelle Andrews is the same person as Jaime Michelle Cain.

12. According to its website, http://www.cavalryspvi.com/, Cavalry is a purchaser of delinquent consumer debt.

13. Upon information and belief Cavalry purchases debt at less than ten cents on the dollar and then seeks to collect the full amount plus interest.

14. Cavalry is a debt collector as defined by the FDCPA.

15. As of 10/18/2012, Woods Oviatt is licensed by the New York City Department of Consumer Affairs as a debt collector.

16. As of 10/18/2012, Cavalry is licensed by the New York City Department of Consumer Affairs as a debt collector.

## FACTS

17. On or about October 1st, 2012, Woods Oviatt filed a collection lawsuit on behalf of Cavalry with an exhibit attached to the collection complaint containing plaintiff's social security number. See <u>Exhibit A</u> for the collection complaint, the exhibit to the complaint is not attached.

18. At all relevant times Woods Oviatt was acting in concert with and/or on behalf of Cavalry in order to collect this debt.

19. The lawsuit is a "communication" as defined by the FDCPA because it conveyed information regarding the debt to the plaintiff.

20. Defendants were attempting to collect a "debt" as defined by the FDCPA because the account that Cavalry allegedly purchased was used for personal, family or household purchases.

21. Defendants allegedly bought the account on May 25th, 2011.

22. Thus, Defendants only had rights in plaintiff's account on or after May 25th, 2011. However, Defendants asserted the rights that HSBC as the seller of plaintiff's account decided not to assert.

23. Specifically, in or about October 2009, plaintiff was allegedly first delinquent on her account with HSBC and at the time it had a balance of $11,445. HSBC made a decision not to charge interest on plaintiff's account from that point forward.

24. Upon purchasing the account on May 25th, 2011, Cavalry decided that it wanted interest to continue to accrue on plaintiff's account.

25. When Defendants filed their lawsuit on or about October1st, 2012, they decided to assert a right to interest before they owned the account. As stated earlier, HSBC had decided not to charge interest on the account after it had become delinquent.

26. Even though it had no right to assert a claim for interest before purchasing plaintiff's account, Defendants nevertheless did assert that right in the collection complaint attached as Exhibit A.

## CLAIMS FOR RELIEF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### (Against All Defendants)

27. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

28. The conduct of the Defendants in this case violates 15 U.S.C. §§1692, 1692e and 1692f.

29. Section 1692e entitled False or Misleading Representations provides: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.....

    (2) The false representation of-

        (A) the character, amount, or legal status of a debt.

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt.

Section 1692f entitled Unfair Practices provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (1)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

30. By acting as they did, Defendants violated the above quoted provisions of the statute because the state court collection complaint asserted a right to interest that they were not entitled to.

31. By seeking to add unlawful interest, Defendants violated the above quoted provision of the statute.

32. As a result of the illegal conduct of the Defendants, plaintiff is entitled to statutory damages pursuant to 1692k.

## COUNT II

## VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAW § 349

### (Against Baum and Everhome)

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The conduct of Defendants in filing State Court Complaints seeking interest that they are not entitled to constitutes deceptive or materially misleading activity that is directed at consumers and the public at large and caused consumers to suffer financial injuries of having increased debt and having to pay more money to pay off their account.

35. As a result of the unlawful fees which the defendants imposed, plaintiff is entitled to damages pursuant to GBL § 349 for willful violations of $50.

## CLASS ALLEGATIONS

36. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b) (3).

37. The first class consists of (a) all individuals (b) with a New York address (c) who have had a lawsuit filed against them by Woods Oviatt Gilman LLP on behalf of Cavalry SPV I, LLC (d) to collect a debt which arose from family household or personal purchases (e) where the debt was bought from HSBC Consumer Lending (USA), Inc. (f) where HSBC decided not to add interest onto the accounts (g) but after the account was purchased, Cavalry decided to add interest to the account not only after it owned the account but also before it owned the account (h) on or after a date one year prior to the filing of this action.

38. The second class consists of (a) all individuals (b) with a New York address (c) who have had a lawsuit filed against them by Woods Oviatt Gilman LLP on behalf of Cavalry SPV I, LLC (d) to collect a debt which arose from family household or personal purchases (e) where the debt was bought from HSBC Consumer Lending (USA), Inc. (f) where HSBC decided not to add interest onto the accounts (g) but after the account was purchased, Cavalry decided to add interest to the account not only after it owned the account but also before it owned the account (h) on or after a date three years prior to the filing of this action.

39. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

40. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether the activities of the defendants violate the FDCPA and/or the GBL 349.

41. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

42. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

43. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA and GBL § 349.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    (1) Statutory damages and actual damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

Dated: New York, New York
      Oct. 18, 2012

**The Law Offices of Shimshon Wexler, PC**

By: _____
Shimshon Wexler (SW0770)
*Attorney for Plaintiff*
PO Box 250870

New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexleresq@gmail.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

Shimshon Wexler

Exhibit A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS         STATE OF NEW YORK

CAVALRY SPV I, LLC,

            Plaintiff,

vs.

JACQUELINE COHEN,

            Defendant.

**COMPLAINT**

Index No.:

Plaintiff, Cavalry SPV I, LLC, complaining of the Defendant, alleges as follows:

1. Upon information and belief, Defendant is a resident of the county in which this action has been brought.

2. Plaintiff is a foreign limited liability company authorized to do business in New York. It is licensed by the New York City Department of Consumer Affairs as a debt collection agency, and its license number is 1327348.

3. Upon information and belief, Defendant entered into a credit relationship with HSBC Consumer Lending (USA), Inc. pursuant to which credit was extended to Defendant and a Household Finance account was opened in Defendant's name with the last four account digits being **********3678. A copy of the Agreement is attached hereto as Exhibit "A".

4. Upon information and belief, Defendant later defaulted in the payment obligations, which default was never cured.

5. Upon information and belief, Defendant's account was charged off on May 18, 2010.

6. Upon information and belief, at the time Defendant's account charged off it had a balance of $11,445.06. A copy of Defendant's last statement is attached hereto as Exhibit "A".

{1609196; }

7. Defendant's charge-off balance has been accruing interest at the rate of 24.99% per annum since May 18, 2010.

8. Thereafter, Defendant's account was sold by HSBC Consumer Lending (USA), Inc. to Plaintiff on May 25, 2011, such that Plaintiff is now the owner of the account.

9. Despite due demand, Defendant has failed to pay said balance and is indebted to Plaintiff in the sum of $18,136.95 through today's date.

WHEREFORE, Plaintiff demands judgment against Defendant for the sum of $18,136.95 through today's date plus interest at the rate of 24.99% per annum from the date of this complaint through the date of judgment, together with the costs and disbursements of this action.

Dated: September 18, 2012  
File #: 20121432

WOODS OVIATT GILMAN LLP

By: _____  
Janine Michelle Andrews, Esq.  
*Attorney for Plaintiff*  
700 Crossroads Building  
2 State Street  
Rochester, New York 14614  
585-987-2800